**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**RICHARD BOBLITS,**

       **Petitioner,**

**v.**                                 **Civil Action No. 1:09cv95**
                                          **(Judge Keeley)**

**WARDEN DAVID BALLARD,**

       **Respondent.**


## REPORT AND RECOMMENDATION

## I.  INTRODUCTION

On July 6, 2009, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody.[1]  On August 3, 2008, the undersigned conducted a

preliminary review of the file and determined that the petition appeared to be untimely filed.

Accordingly, the Court issued a <u>Hill v. Braxton</u>[2] Notice advising the petitioner that his case was

subject to dismissal unless he could indisputably show that his case could be salvaged by equitable

tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1).  On August 25,

2009, the petitioner filed his response to the Court's <u>Hill v. Braxton</u> Notice.

---

[1]The petition was filed in the United States District Court for the Southern District of
West Virginia.  On July 10, 2009, this action was electronically transferred to this Court because
the petitioner was convicted in the Circuit Court of Preston County.

[2] 277 F.3d 701 (4th Cir. 2002) (finding that when a court perceives a pro se § 2254 petition to be
untimely, and the state has not file a motion to dismiss based on the one-year time limitation, the court
must warn the prisoner that the case is subject to dismissal, unless the petitioner can indisputably show
that the petition can be salvaged through equitable tolling principles or the principals enumerated in 28
U.S.C. § 2244(d)(1)).

## II. FACTS

### A. Conviction

The petitioner was convicted by the Circuit Court of Preston County on November 18, 1994, of three counts of First Degree Sexual Assault. On November 20, 1994, the petitioner was sentenced to a term of imprisonment of 45 - 105 years. The petitioner did not file an appeal with the West Virginia Supreme Court of Appeals.

### B. State Habeas Corpus

On December 7, 2007, the petitioner filed a *pro se* petition for habeas corpus with the Circuit Court of Preston County. (Doc. 1-1. p. 3). On April 29, 2008, the court appointed counsel to represent the petitioner in the habeas proceeding. (Doc. 1-1, p. 132). On December 8, 2008, the petition for habeas corpus relief was refused. (Doc. 1-1, p. 134). On February 19, 2009, the petitioner filed a petition for appeal with the West Virginia Supreme Court of Appeals, which was denied on July 6, 2009.(Doc. 1-1, p. 137).

### C. Federal Habeas Corpus

The petitioner raises the following grounds for relief in his petition:

1. Defense counsel was ineffective for failing to investigate, present, or argue to the court mitigating evidence, prejudicing petitioner's chances of receiving a favor [sic] or lessor sentence.

2. Defense counsel was ineffective when counsel failed to fully explain the proposed plea bargain and adequately advise [the petitioner] regarding the proposed plea bargain.

3. The failure of the trial court to advise the petitioner that he would not be permitted to withdraw his guilty plea if the court did not accept the plea agreement reached by the petitioner and state on the issue of the sentence recommendation constitutes a denial of due process in violation of Article III, Section 10 of the West Virginia Constitution and the Fourth Amendment of the United States of America.

4. The cumulative effects of numerous errors committed by defense counsel during the trial prevented the petitioner from receiving a fair trial.

5.  The indictment against the petitioner is faulty on its four corners, and the court to which the indictment was returned did not have jurisdiction to so try, convict or sentence.

6.  The trial court erroneously accepted the plea by not requiring meaningful admission of guilt.

7.  The trial court erred by utilizing information as hearsay evidence of an incident banned by temporal proximity and relevance during sentencing.

8.  The trial court was prejudiced at sentencing.

9.  Prosecutorial misconduct.

10. The Probation Officer gave an expert opinion in the pre-sentence investigation report that she was not qualified to render so as to taint the petitioner's sentencing process.

## III.  Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition.  28 U.S.C. §2244(d).  Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period, a petitioner, whose conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner, whose conviction, became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998).

In the instant case, because the petitioner did not file an appeal, his conviction became final prior to the effective date of AEDPA. Therefore, the petitioner had until April 24, 1997, to timely file his federal habeas petition. Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). While the petitioner did file an application for state collateral review, he did not do so until December 7, 2007, more than ten (10) years after the date by which he must have initiated his federal habeas. Therefore, the time period under ADEPA was not tolled, and the petitioner's § 2254 federal habeas petition, filed on July 10, 2009, is untimely unless he can indisputably show that the petition can be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1).

**A. Equitable Tolling**

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'

Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In response to the Court's Hill v. Braxton Notice, the petitioner asserts that he "was not aware of the 'shocking; flagrant' abuses of the Prosecutor judicial misconduct and abuse of discretion that was inflicted upon him to 'steal away' and violate his rights. As such, when [he] finally got all of his transcripts, exhibits and other pertinent material, he immediately began filing into the court system to "right a shocking miscarriage of justice.' [He] has been diligent ever since in trying to resolve this issue." (Doc. 15, p. 8).

Clearly, the petitioner's assertion that he was not aware of the alleged errors in his prosecution until he received the transcripts, evidence, and other pertinent material does not establish extraordinary circumstances beyond his control or external to his own conduct.[3] Accordingly, the undersigned is of the opinion that the petitioner has failed to meet the requirements for equitable tolling.

## IV.   Recommendation

For the foregoing reasons, the undersigned finds that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1). Thus, the undersigned recommends that the petition (Doc. 1) be **DENIED** and **DISMISSED with prejudice** from the

---

[3]Moreover, the undersigned notes that counsel, in his appeal to the West Virginia Supreme Court of Appeals, stated that the petitioner "decided to file [his state habeas in 2007] after he reunited with his daughter for the first time in years since his imprisonment." (Doc. 1-1, p. 111).

active docket of this Court.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: August 31, 2009.

   / James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE