IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**RICHARD BOBLITS,**

      **Petitioner,**


v.                                              Case No. 1:09CV95
                                                   (Judge Keeley)


**WARDEN DAVID BALLARD,**

      **Respondent.**


             **ORDER ADOPTING THE MAGISTRATE JUDGE'S**
                    **REPORT AND RECOMMENDATION**


     On July 6, 2009, petitioner, Richard Boblits ("Boblits"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of West Virginia. On July 9, 2009, Magistrate Judge Mary E. Stanley transferred the case to the Northern District of West Virginia. On July 10, 2009, in accordance with Local Rule of Prisoner Litigation 83.09, this Court referred the matter to Magistrate Judge James E. Seibert for initial screening and a report and recommendation.

     On August 3, 2009, Magistrate Judge Seibert issued a <u>Hill v. Braxton</u> notice advising Boblits that his case was subject to dismissal unless he could indisputably show that it could be salvaged by equitable tolling principles or any of the circumstances outlined in 28 U.S.C. § 2244(d)(1). On August 25,

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

2009, Boblits responded to the Hill v. Braxton notice, asserting he had not become aware of the "shocking, flagrant abuses of the Prosecutor's judicial misconduct and abuse of discretion that was inflicted upon him to 'steal away' and violate his rights" until he received his transcripts, exhibits and other pertinent material.

Magistrate Judge Seibert noted that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period within which to file any federal habeas corpus petition. The AEDPA provides that the period of limitation begins to run from the latest of four dates:

1) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

Here, Magistrate Judge Seibert determined that, because Boblits failed to file an appeal and his conviction became final prior to the effective date of AEDPA, Boblits had until April 24, 1997 to timely file his federal habeas petition. The magistrate judge also noted that, even though Boblits had filed an application for state collateral review, he did so ten years after the deadline for initiating a federal habeas petition. He therefore determined that the time period under AEDPA was not tolled and Boblits' petition was untimely unless he could "indisputably show that the petition can be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1)."

Pursuant to Harris v. Hutchinson, 209 F.3d 325, 328-9 (4th Cir. 2000), the AEDPA statute of limitations is subject to equitable modifications such as tolling. Significantly, in United States v. Sosa, 364 F.3d 5007, 512 (4th Cir. 2004) (internal citations omitted), the Fourth Circuit held that, to be entitled to equitable tolling, an otherwise barred petitioner must demonstrate "1)

extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time."

Because Boblits failed to file an appeal, in his R&R, Magistrate Judge Seibert determined that his conviction became final prior to the effective date of the AEDPA, and that his assertion that "he was not aware of the alleged errors in his prosecution until he received the transcripts, evidence, and other pertinent material" failed to satisfy the requirements of equitable tolling. Accordingly, he recommended that the petitioner's § 2254 petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely and unable to be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1).

Further, the R&R specifically warned Boblits that his failure to file objections to the R&R would result in the waiver of any appellate rights he may have on this issue. Boblits, however, did not file any objections.[1]

The Court, therefore, **ADOPTS** the Report and Recommendation of the magistrate judge in its entirety and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

---

[1] Boblits' failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**BOBLITS V. BALLARD**                                              **1:09CV95**

## ORDER ADOPTING MAGISTRATE JUDGES'
## REPORT AND RECOMMENDATION

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to mail copies of it and this Order to the pro se petitioner, certified mail, return receipt requested.

Dated: January 6, 2010

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE